# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5274 | **DATE** | 3/8/2004 |
| **CASE TITLE** | In Re: Weinschneider | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Order. On appeal from the United States Bankruptcy Court for the Northern District of Illinois, Judge Eugene R. Wedoff presiding. The court affirms the Bankruptcy Court's May 27, 2003 order dismissing Weinschneider's application for allowance and payment of administrative expense claims. Case Terminated.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 13 |
| RJ/TL | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| SIDNEY WEINSCHNEIDER, | ) | Case No. 03-C-5274 |
| | ) | |
| Debtor. | ) | Judge Joan B. Gottschall |
| | ) | |
| | ) | |
| SIDNEY WEINSCHNEIDER, | ) | |
| | ) | |
| Appellant, | ) | Bankruptcy No. 89-B-17026 |
| v. | ) | |
| | ) | Judge Eugene R. Wedoff |
| DANIEL HOSEMAN, Trustee of the Estate | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

Appellant Sidney Weinschneider ("Weinschneider"), a Chapter 7 debtor, appeals from the bankruptcy court's May 27, 2003 order denying Weinschneider's request for payment of attorneys fees by the bankruptcy estate. Weinschneider moved the bankruptcy court for a fee award to recoup expenses incurred in defending an adversary action for declaratory judgment brought by the Trustee to determine whether Weinschneider's breach of contract action against his former business associates was the property of the bankruptcy estate. Weinschneider alleged that he was entitled to an award of attorneys fees because the Trustee's declaratory judgment action violated the Trustee's pre-existing covenant not to sue Weinschneider. The bankruptcy court denied Weinschneider's fee request, holding that under Illinois law he is not entitled to attorneys fees because (1) the covenant did not expressly provide for the recovery of attorneys fees in the event of breach, and (2)

-1-

Weinschneider had not otherwise articulated a statutory basis for a fee award. For the reasons stated below, the bankruptcy court's May 27, 2003 order is affirmed.

## FACTUAL BACKGROUND

Sidney Weinschneider filed for bankruptcy under Chapter 11 on October 10, 1989 after his nursing home business experienced financial difficulties. On May 12, 1990, Weinschneider's Chapter 11 case was converted to a Chapter 7 case, and Daniel Hoseman was appointed trustee. In June 1990, the Official Unsecured Creditors Committee filed an adversary action against Weinschneider, demanding that he turn over certain property to the estate. The Trustee, on behalf of the creditors, settled that litigation in 1992.

In connection with the settlement, in December 1996, the Trustee executed a release and covenant not to sue in favor of Weinschneider. The Trustee agreed to release "all claims, known or unknown, against [Weinschneider, his wife, and certain trusts]." Moreover, the covenant not to sue provided that the Trustee would refrain from "instituting, prosecuting or participating in any suit or action, at law or in equity, or to take any action to collect, enforce or recover on any claim, known or unknown, which the [bankruptcy estate] may, could or [does] have against [Weinschneider, his wife, and certain trusts]." Neither the release nor the covenant expressly provided for the recovery of attorneys fees in the event of breach.

In the midst of ongoing bankruptcy proceedings, in February 1996, Weinschneider filed a breach of contract action in Illinois state court against his former business associates, claiming a 23 percent ownership stake in their nursing home management operation. Initially, Weinschneider did not inform the Trustee of the lawsuit.

On February 27, 1998 – after learning of Weinschneider's state court action – the Trustee brought an adversary complaint against Weinschneider in the bankruptcy court seeking a declaration that Weinschneider's lawsuit was the property of the bankruptcy estate. Weinschneider argued that his state claim arose after he filed for bankruptcy and was, therefore, not part of the bankruptcy estate, and raised the affirmative defense that the Trustee's declaratory judgment action was barred by the release and covenant. In response to Weinschneider's affirmative defense, the Trustee argued that Weinschneider fraudulently induced the execution of the release and covenant by failing to disclose the full extent of his business interests, including his potential breach of contract action. The Trustee argued that, because of Weinschneider's fraudulent inducement, the release and covenant were void.

At summary judgment, the bankruptcy court ruled that Weinschneider's lawsuit was the property of the bankruptcy estate. The bankruptcy court denied both parties' motions for summary judgment on Weinschneider's affirmative defense, finding disputed issues of material fact about whether Weinschneider misled the Trustee by concealing his lawsuit and providing false or incomplete information in his bankruptcy filings. After trial on those issues, the bankruptcy court ruled in the Trustee's favor on Weinschneider's affirmative defense, holding that the Trustee had proven that Weinschneider fraudulently induced the Trustee's execution of the release and covenant.

Weinschneider appealed the bankruptcy court's decision to the district court. The district court reversed, holding, *inter alia*, that the release and covenant not to sue were not fraudulently induced by Weinschneider and that those documents, by their terms, barred the Trustee's suit. The district court consequently entered judgment in favor of Weinschneider. The Seventh Circuit affirmed the district court in *Hoseman v. Weinschneider*, 322 F.3d 468, 472 (7th Cir. 2003).

Following the Seventh Circuit's decision, Weinschneider filed a motion with the bankruptcy court seeking over $500,000 of attorneys fees and costs he incurred in defending the Trustee's declaratory judgment action. On May 27, 2003, the bankruptcy court ruled that Weinschneider was not entitled to recover attorneys fees because (1) there was no provision for an award of attorneys fees in either the release or the covenant and (2) Weinschneider had not otherwise articulated a statutory basis for a fee award.

## ANALYSIS

The bankruptcy court's decision below was based on purely legal conclusions which the court reviews *de novo*. *See Meyer v. Rigdon*, 36 F.3d 1375, 1378 (7th Cir. 1994).

In his appeal, Weinschneider argues that the bankruptcy court's denial of his fee request was erroneous for two reasons. First, Weinschneider claims that the bankruptcy court should have awarded Weinschneider attorneys fees as damages for the Trustee's breach of the covenant not to sue. Second, alternatively, Weinschneider argues that the bankruptcy court should have found that a fee award was warranted as an "administrative claim" against the estate pursuant to Sections 503 and 507(a)(1) of the Bankruptcy Code. 11 U.S.C. §§ 503, 507(a)(1). However, neither the covenant nor the Bankruptcy Code entitles Weinschneider to an award of attorneys fees in this case.

Weinschneider's contract-based fee claim fails under Illinois law because the covenant not to sue makes no express provision for an award of attorneys fees in the event of breach. As the Seventh Circuit has previously found, the covenant not to sue in this case is to be construed under Illinois law. *See Hoseman v. Weinschneider*, 322 F.3d 468, 473 (7th Cir. 2003). In determining whether to award attorneys fees, the Supreme Court of Illinois has adopted the "American rule,"

holding that "attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of some agreement or stipulation specifically authorizing the allowance thereof." *Ritter v. Ritter*, 46 N.E.2d 41, 43 (Ill. 1943).

The Supreme Court of Illinois has not addressed whether attorneys fees are recoverable based on a breach of a covenant not to sue where that covenant is silent on the subject of fees. However, courts applying Illinois law in this context have applied *Ritter*, holding that a party cannot recover attorneys fees based on another party's breach of a covenant not to sue unless (1) the covenant specifies that attorneys fees are recoverable or (2) there is an independent statutory basis for a fee award. *Child v. Lincoln Enters., Inc.*, 200 N.E.2d 751, 754 (Ill. App. 1964); *Isaacs v. Caterpillar, Inc.*, 702 F.Supp. 711, 714 (C.D. Ill. 1988).

In his appeal, Weinschneider argues that *Child* does not accurately reflect Illinois law and points out that courts in certain other jurisdictions allow awards of attorneys fees as damages for a breach of the covenant not to sue regardless of whether the covenant expressly allows such a recovery. *See, e.g., Anchor Motor Freight, Inc. v. International Broth. of Teamsters*, 700 F.2d 1067 (6th Cir. 1983). However, this court could not find – and Weinschneider does not cite – any decisions under Illinois law that contradict *Child*. Moreover, contrary to Weinschneider's characterization of *Child* as an "aberration," the *Child* holding is consistent with the position of most jurisdictions that attorneys fees are generally not allowed for breach of a covenant not to sue unless the covenant expressly provides for a fee award. *See, e.g., Bunnett v. Smallwood*, 793 P.2d 157, 161-62 (Colo. 1990); *Artvale, Inc. v. Rugby Fabrics Corp.*, 363 F.2d 1002 (2d Cir. 1966); *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 586 F.Supp. 1286, 1288-89 (S.D.N.Y. 1984); *Quill Co., Inc. v. A.T. Cross Co.*, 477 A.2d 939, 944 (R.I. 1984). The court, therefore, agrees with the bankruptcy court's

conclusion that *Child* remains good law and is the best indication of how the Supreme Court of Illinois would resolve this issue.[1]

Pursuant to the *Child* standard, Weinschneider is not entitled to a fee award based on the Trustee's breach of the covenant. Weinschneider is a sophisticated party who was represented by counsel during negotiation of the release and covenant. While the parties certainly were able to negotiate an attorneys fees provision into either the covenant or the release, neither agreement provides such protection. The covenant is not ambiguous on this point. Consequently, the bankruptcy court's decision that there is no contractual basis for Weinschneider's fee claim is affirmed.

Weinschneider alternatively argues that, notwithstanding the covenant not to sue, Sections 507(a)(1) and 503(b) of the United States Bankruptcy Code provide an independent statutory basis for an award of attorneys fees in this case.

Section 507(a)(1) of the Bankruptcy Code provides that administrative expenses incurred in bankruptcy are to be given priority ahead of other unsecured non-priority claims. *See* 11 U.S.C. § 507(a)(1). These administrative expenses include the "actual and necessary" costs and expenses

---

[1] Three different doctrines have emerged regarding whether attorneys fees are recoverable for breach of a covenant not to sue where the covenant is silent on the subject. As Weinschneider points out, some jurisdictions allow fee awards as damages for breach regardless of whether the covenant expressly allows such a recovery. *See, e.g., Anchor Motor Freight,* 700 F. 2d at 1072. Others have held that the non-breaching party can recover fees only if the offending litigation was brought in bad faith. *See, e.g., Artvale,* 363 F.2d at 1008; *Bellefonte,* 586 F.Supp. at 1288-89. Others have adopted the *Child* approach, strictly applying the American rule in this context. *See, e.g., Bunnett,* 793 P.2d at 161-62. Reasonable arguments can be made for each of these three positions. However, because the *Child* ruling has not been undermined by any Illinois decision during the past forty years, and because it is as reasonable an approach as any, the court declines to reject the holding in *Child*.

-6-

of maintaining the estate. *See* 11 U.S.C. § 503(b)(1)(A).

As a general rule, in order to qualify as an "actual and necessary cost" under Section 503(b)(1)(A), a debt must have (1) arisen post-petition and (2) benefitted the estate. Weinschneider does not argue that his fee claim meets the "benefit the estate" criterion; it would be difficult for Weinschneider to argue that his defense of the adversary action brought by the Trustee benefitted the estate. Rather, Weinschneider asserts that his claim should be given administrative priority under a narrow exception to the "benefit of the estate" requirement, created by the Supreme Court in *Reading Co. v. Brown,* 391 U.S. 471 (1968). Pursuant to the *Reading* doctrine, a court may – out of "fairness to all persons having claims against an insolvent" – grant administrative priority to claims brought by innocent third parties to recover damages resulting from the trustee's operation of the debtor's estate. In other words, under *Reading,* when a third party is damaged by a trustee's wrongful conduct, that party's claims should receive distribution priority if it would be unfair to force that party to share equally with those creditors for whose benefit the estate was being operated. *See Reading,* 391 U.S. at 478.

Weinschneider's reliance on the *Reading* doctrine and Sections 503 and 507 of the Bankruptcy Code is unavailing. First, Sections 503 and 507, when read together, are rules of claim priority; they do not speak to the merits of any underlying claim and do not create an independent statutory basis for an award of attorneys fees notwithstanding Illinois contract law. In other words, Sections 503 and 507 assist in determining the order of payment of claims, but do not, in and of themselves, create an entitlement to an award of attorneys fees. There must be a valid basis for an administrative expenses claim before those sections come into play.

The *Reading* doctrine does not provide such a basis for Weinschneider's fee claim. Even if the *Reading* doctrine allowed a court to award attorneys fees as an administrative expense out of "fundamental fairness" – as opposed to merely assigning priority to an existing award – that doctrine is inapplicable here. Courts applying the *Reading* doctrine have narrowed its reach to debts incurred as a result of a trustee's <u>wrongful</u> conduct, including "tort-like" behavior, wilful statutory violations or initiation of frivolous litigation. *See, e.g., In re Met-L-Wood Corp.*, 115 B.R. 133 (N.D. Ill. 1990) (granting administrative priority to an attorneys fees award where the debtor incurred the debt defending a lawsuit brought by the trustee that had "[no] merit whatsoever"); *Yorke v. NLRB*, 709 F.2d 1138 (7th Cir. 1983) (applying *Reading* to damages incurred based on a trustee's failure to bargain with a union as required by federal law). The court can find no case extending *Reading* to cover attorneys fees incurred in defending claims brought by a trustee in a good faith attempt to administer the estate. To the contrary, the Fifth Circuit in *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 388 -389 (5th Cir. 2001) refused to grant administrative priority to a debtor's award of attorneys fees where the debtor incurred the fees in defending a breach of contract action brought by the Trustee. Even though the trustee's breach of contract action was ultimately unsuccessful and even though the district court had ruled that the debtor was contractually entitled to a fee award, the *Jack/Wade* court refused to assign priority under the *Reading* doctrine because the trustee had acted in good faith. The court held:

> the actions of the trustee were taken in the course of responsibly carrying out the duties of his position . . . To penalize the estate when the trustee faithfully carries out these duties seriously undermines the incentive structure established by the bankruptcy code.

*In re Jack/Wade Drilling*, 258 F.3d at 391.

In this case, there is no indication that the Trustee's declaratory judgment action was frivolous or brought in bad faith. Rather, the Trustee advanced a good faith argument below that the covenant not to sue was fraudulently induced and, therefore, did not bar the declaratory judgment action. In fact, the bankruptcy court held that the Trustee's claim had sufficient merit to survive summary judgment and, after trial, agreed with the Trustee's position. While the Trustee's arguments ultimately were not successful on appeal, there is no basis for concluding either that the Trustee's adversary action against Weinschneider was not initiated in good faith or was inconsistent with the Trustee's fiduciary obligations to the estate. The estate should not be penalized for the Trustee's good faith execution of his duties. *In re Jack/Wade Drilling, Inc.*, 258 F.3d at 391. The court finds that the *Reading* doctrine is inapplicable and, therefore, affirms the bankruptcy court's conclusion that Weinschneider has not articulated a valid statutory basis for his fee claim.

## CONCLUSION

Because there is no basis for Weinschneider's request for attorneys fees under Illinois law, and because Weinschneider has failed to articulate an independent statutory basis for such an award, the May 27, 2003 order of the bankruptcy court is affirmed.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: March 8, 2004